# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1427

**JERADINE TRAHAN on behalf of the minor child ALEXIS NICOLE BELLOW**

**VERSUS**

**STATE FARM LIFE INSURANCE COMPANY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20032257
HONORABLE BYRON HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and J. David Painter, Judges.

**WRIT DENIED.**

**Stephen Dale Cronin**
**Henry Gerard Terhoeve**
**320 Somerulos Street**
**Baton Rouge, LA 70802**
**Counsel for Defendant-Applicant:**
        **State Farm Life Ins. Co.**

**Grady M. Spears**
**1001 W. Pinhook, Bldg. 3, Suite 308**
**Lafayette, LA 70503**
**Counsel for Plaintiff-Respondent:**
        **Jeradine Trahan on behalf of the minor child Alexis Nicole Bellow**

**PAINTER, Judge.**

The Defendant, State Farm Insurance Company ("State Farm"), seeks supervisory writs from the trial court's denial of its motion for summary judgment. It urges us to find that no question of material fact remains concerning whether its payment of life insurance proceeds conformed to the requirements of La.R.S. 22:643. We deny the writ, finding that questions of fact remain in this regard.

FACTS

Prior to her death, Heather Bourgeois took out a policy of life insurance with State Farm Insurance Company. The beneficiary of the policy was to be her minor daughter, Alexis Nicole Bellow[1], in care of the child's maternal grandfather, Johnny Bourgeois. The policy itself shows the primary beneficiary as Alexis Nicole Bellow in/care of Johnny Bourgeois and the secondary beneficiary as Johnny Bourgeois. Heather died on March 10, 2002.

On April 11, 2002, letters of tutorship issued recognizing Jeradine Trahan as tutrix of Alexis. On May 7, 2002, State Farm issued a check for $50,325.17, representing the proceeds of the life insurance policy, to "Johnny Bourgeois, informal trustee of Alexis Nicole Bellow." In his deposition, Mr. Bourgeois testified that he did not tell Ms. Trahan about the existence of the policy. He further testified that after receiving the check, he cashed it and spent it on a variety of consumable items, such as tires and furniture, and gave $5,000.00 to each of his two surviving children. Although he admitted knowing that the money was for Alexis, he stated that he did not preserve the money for her because he had a grudge against Ms. Trahan.

---

[1]Alexis was born on February 26, 1996, while Heather was married to Jerome Bellow, son of Jeradine Trahan. Heather and Jerome were divorced prior to the time Heather obtained the life insurance.

1

On April 29, 2003, Ms. Trahan, acting on behalf of Alexis, filed this suit against State Farm alleging that it acted negligently in failing to ascertain whether Mr. Bourgeois had met the legal requirements of a trustee or a tutor and in failing to take steps to protect the interest of Alexis, the beneficiary. Therefore, she prayed that State Farm be required to pay the damages resulting to Alexis from its negligence. State Farm filed a motion for summary judgment alleging that no question of fact remained but that its payment of the life insurance proceeds was in accord with the terms of the policy as required to discharge it from other claims to the proceeds under La.R.S. 22:643. The trial court denied the motion, finding that questions of fact remain as to whether the insurer paid in accord with the terms of the policy. State Farm applied for supervisory writs to this court asserting that the trial court erred in so finding.

DISCUSSION

> Appellate courts review grants of summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Ocean Energy, Inc. v. Plaquemines Parish Gov't*, 04-0066 (La.7/6/04), 880 So.2d 1. The movant bears the burden of proof. La. C.C.P. art. 966(C)(2). If the movant meets this initial burden, the burden then shifts to plaintiff to present factual support adequate to establish that he will be able to satisfy the evidentiary burden at trial. *Richard v. Hall*, 03-1488 (La.4/23/04), 874 So.2d 131, 137. Thereafter, if plaintiff fails to meet this burden, there is no genuine issue of material fact and defendant is entitled to summary judgment as a matter of law. *Id.* This court has recognized that a "genuine issue" is a "triable issue," an issue in which reasonable persons could disagree. *Jones v. Estate of Santiago*, 03-1424 (La.4/14/04), 870 So.2d 1002, 1006 (*citing Smith v. Our Lady of the Lake Hosp.*, 93-2512 (La.7/5/94), 639 So.2d 730, 751). Further, this court has defined a "material fact" to be one in which "its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." *Id.*

*Champagne v. Ward*, 03-3211, pp.7-8 (La. 1/19/05), 893 So.2d. 773, 776-77.

In the case currently before this court, the Defendant asserts that no question of fact remains but that it paid the policy proceeds as required by La.R.S. 22:643, which provides that:

> Whenever the proceeds of, or payments under a life endowment or health and accident insurance policy or any annuity contract issued by a life insurance company, heretofore or hereafter issued, become payable and the insurer makes payment thereof in accordance with the terms of the policy or contract or in accordance with any written assignment thereof or of any interest thereunder, hereafter made, the person then designated in the policy or contract or by such assignment as being entitled thereto, shall be entitled to receive such proceeds or payments and to give full acquittance therefor, and such payment shall fully discharge the insurer from all claims under the policy or contract unless, before payment is made, the insurer has received at its home office, written notice by or on behalf of some other person that such other person claims to be entitled to such payment or some interest in the policy or contract. Nothing contained in this Section shall affect any claim or right to any policy or contract or the proceeds thereof or payments thereunder as between persons other than the insurer.

The Plaintiff, on the other hand, argues that the trial judge correctly concluded that a question of fact remains as to whether State Farm paid the designated beneficiary "in accordance with the terms of the policy."

After reviewing the appeal briefs, the record on appeal, with special attention to the insurance policy, and after hearing the arguments of counsel, we agree with the trial court that questions of fact remain as to whether the payment to "Johnny Bourgeois, informal trustee of Alexis Nicole Bellow," constitutes payment "in accordance with the terms of the policy." Therefore, we find no error in the trial court's denial of the Defendant's motion for summary judgment.

3

CONCLUSION

We deny State Farm's writ. The trial court correctly denied the motion for summary judgment. Costs are assessed to the Defendant.

WRIT DENIED.